IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. **08 - 22463**

**CIV - COOKE**

**MAGISTRATE JUDGE BANDSTRA**

FILED BY_____

2008 SEP -4  PM 4:29

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

MELANIE L. GARCIA,                )
                                  )
            Plaintiff,            )
                                  )        CIVIL ACTION
v.                                )
                                  )
WACHOVIA BANK, N.A.               )
                                  )
            Defendant.            )
_____)

## CLASS ACTION COMPLAINT

Plaintiff Melanie L. Garcia, by and through her attorneys of record, file this her Complaint on behalf of herself and all persons initially similarly situated within the United States and also on behalf of the General Public of the State of Florida. This Complaint is based upon the current information and belief of the Plaintiff, who hereby alleges as follows:

## PARTIES

1.      Plaintiff Melanie L. Garcia is and has been at all times material to the allegations in this Complaint a resident of Miami-Dade County in the State of Florida, and is otherwise *sui generis*.

2.      The Currently Unnamed Plaintiffs are those individuals that have been harmed, along with Plaintiff Melanie L. Garcia, by Wachovia's acts and practices, specifically those acts and practices related to Wachovia's abuse of contract rights and its usurious, unfair, deceptive, unconscionable, and bad faith assessment and collection of excessive overdraft charges and account fees through: the use of non-chronological posting of debits to customer accounts; the lure of customers into opening "free" checking accounts that are in no way "free"; the *de facto*

**ALTERS | BOLDT | BROWN | RASH | CULMO**

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550  Fax: 305-571-8558 • www.abbrclaw.com

CASE NO. _____

extensions of credit at usurious rates for the privilege; and the misleading *de facto* conversion of debit cards into credit cards at usurious rates for the privilege, thus escaping any of the consumer protections of the Federal Truth in Lending Act. It is anticipated that hundreds of thousands of potential members of the Class of Currently Unnamed Plaintiffs will be revealed through the discovery process.

3.      Defendant Wachovia Bank, N.A., ("Wachovia") and its related entities consist of one of the largest banking institutions in the country. Wachovia provides banking services to hundreds of thousands of consumers, including Plaintiffs.

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. § 1332(d)(2), this Court has jurisdiction over the claims brought by the Plaintiffs for the following reasons:

a.  Plaintiff is a resident of and citizen of the State of Florida.

b.  Wachovia Bank, N.A. is a national bank organized pursuant to the National Bank Act. Wachovia's headquarters are located in Charlotte, North Carolina and is, therefore, a citizen of the State of North Carolina.

c.  In addition, the amount in controversy, upon information and belief, in this matter exceeds $5 million, exclusive of interest and costs, the jurisdictional requirement set forth at 28 U.S.C. § 1332(d)(2).

d.  In determining whether the $5 million amount in controversy requirement of 28 U.S.C. § 1332(d)(2) is met, the claims of the putative class members are aggregated. 28 U.S.C. § 1332(d)(6).

e.  Plaintiffs anticipate hundreds of thousands of potential members of the Class of Currently Unnamed Plaintiffs will be revealed during the discovery

ALTERS | BOLDT | BROWN | RASH | CULMO

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550  Fax: 305-571-8558 • www.abbrclaw.com

CASE NO. _____

process.   There are at least 200,000 potential members of the class to represent.

   f.   Each member of a class of 200,000 would need to incur only one $26 insufficient funds fee as result of the alleged practices described in the Complaint for the $5 million amount in controversy requirement of 28 U.S.C. § 1332(d)(2) to be substantially exceeded.   The overdraft fees charged by Defendant typically exceed $26.

   g.   In addition, Plaintiffs seeks more than just compensatory damages.  Plaintiffs also seek attorney's fees and injunctive relief, both of which may be considered in determining the amount in controversy.

   5.   For the reasons stated above, this Court has original diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332(d)(2) because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one plaintiff is diverse from at least one defendant.

   6.   Venue is also proper in this district pursuant to 28 U.S.C. 1391.  Venue is proper in this district because Wachovia is registered to do business in the State of Florida and in fact is doing business in the State of Florida.  Wachovia has sufficient minimum contacts with the State of Florida, including Miami-Dade County, Broward County and West Palm Beach County, and intentionally avails itself of the consumers and markets within the State of Florida through the promotion, marketing, sale and service of checking and savings accounts in this State.  This purposeful availment renders the exercise of jurisdiction by Florida courts over it and its affiliated and related entities permissible under judicially accepted notions of fair play and substantial justice.  Moreover, Wachovia is subject to the general jurisdiction of this Court

ALTERS | BOLDT | BROWN | RASH | CULMO

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550 Fax: 305-571-8558

CASE NO. _____

because it has extensive facilities and operations within Florida in Miami-Dade County, Broward County and West Palm Beach County. Wachovia is subject to the personal jurisdiction in the State of Florida. All of the transactions between Plaintiff and Defendant that give rise to this claim occurred in Miami-Dade County, Broward County, and/or West Palm Beach County. This district is one in which a substantial part of the events or omissions giving rise to the claims occurred.

## **FACTUAL ALLEGATIONS**

7.      Wachovia is in the business of providing a variety of banking services. Wachovia advertises its services through all outlets of the media.

8.      Plaintiff relies on Wachovia to provide Plaintiff with a checking account and to safeguard monetary funds deposited thereto by Plaintiff.

9.      Wachovia has promoted its checking account services through promotional and marketing materials published and issued through the media and in brochures available at Wachovia's banking centers. Wachovia also advertises its checking account services on its website.

10.      Plaintiff became aware of the plans and accounts offered by Wachovia through advertisements, and in particular, Wachovia's advertisements for "free" checking accounts. Plaintiff has had a checking account with Wachovia for more than one year. In opening her accounts with Wachovia, Wachovia imposed contracts and agreements upon Plaintiff, certain terms of which Wachovia breached, or, in the alternative, abused the rights conveyed by the terms. Plaintiff opened her account with Wachovia in 2003, at a branch in Miami Springs, Florida.

ALTERS | BOLDT | BROWN | RASH | CULMO

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550  Fax: 305-571-8558 • www.abbrclaw.com

CASE NO. _____

11.    Consumers, including Plaintiff, reasonably rely on Wachovia to ensure that charges are posted to consumers' accounts in the chronological order in which Wachovia receives them.   Instead, Wachovia routinely enforces a policy whereby charges incurred are posted to consumers' accounts in a non-chronological order designed to maximize the number of overdraft transactions and the number of overdraft fees.   Wachovia commonly structures these transactions by holding a number of debits at a time, not all of which would create an overdraft. It then puts the largest one through the consumer's account first creating the overdraft, and then the smaller debits are processed incurring additional higher overdraft fees. This is an unfair, deceptive, and fraudulent practice that, even if the terms of its account agreement could be construed to allow it, would still be an abusive and unlawful use of its contract powers. Wachovia's processing practices ensure that a consumer's account is emptied and subsequent, smaller charges result in multiple overdraft fees and consequently increased service fee revenues for Wachovia.

12.    Consumers, including Plaintiff, reasonably rely on Wachovia to provide consumers with accurate balance information when Wachovia actively promotes the convenience of using its debit cards and other electronic debiting means that can not practically involve a consumer's use of a balance register.  Wachovia provides inaccurate balance information to the consumer through its electronic network whereby the consumer is lead to believe she has a positive balance when in reality she has a negative balance, even though Wachovia has actual knowledge of outstanding debits and transactions. Moreover, Wachovia, with actual knowledge of outstanding transactions that have already created a negative balance in a consumer's account, encourages the consumer to incur more overdraft charges by approving — rather than prudently declining — subsequent debit card purchases and other electronic transactions.  The effect of

**ALTERS | BOLDT | BROWN | RASH | CULMO**

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550  Fax: 305-571-8558 • www.abbrclaw.com

CASE NO. _____

these approvals and the encouragement of additional spending through a false positive balance notice, when Wachovia knows the customer actually has no money in the account, is that Wachovia is then lending money to the consumer and also creating a "credit" card out of a "debit" card. These loans and credit transactions then incur substantial and usurious fees. Because Wachovia characterizes these transactions as a "convenience" and disguises their true nature as a loan, the transactions fall outside of any of the federal and state consumer protections on loan and credit transactions.

13.     Even if Plaintiff were given materials containing language that could possibly be interpreted to authorize or disclose Wachovia's practices as described in Paragraphs 11 and 12 above, any such notice or authorization was inadequate and ineffective. Plaintiff and those similarly situated that have incurred similar charges were not sufficiently made aware of Wachovia's fraudulent, deceptive, unfair, and abusive business practices. Charging consumers' accounts in this manner, without adequate notice, is inherently deceptive, unfair, and prohibited by state and Federal law.

14.     The two charges incurred by Plaintiff between July 24, 2008 and July 28, 2008 are clear examples of Wachovia's fraudulent, deceptive, unfair, and abusive business practices. On July 24, 2008, Plaintiff's account had a balance of $603.01. Over the next three days four transactions up to and including July 27, 2008 were held and not processed until July 28, 2008. Wachovia processed the largest transactions first depleting Plaintiff's balance. When there was only a balance of $87.51, with one outstanding debit card transaction of $44.90 and one outstanding ATM transaction of $100.00 remaining to be processed, Wachovia could have cleared the $44.90 transaction and then cleared the $100.00 transaction, resulting in only one overdraft fee to Plaintiff. Instead, Wachovia processed the $100.00 transaction first, creating

6

ALTERS | BOLDT | BROWN | RASH | CULMO

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550  Fax: 305-571-8558 • www.abbrclaw.com

CASE NO. _____

two overdrafts where only one was necessary, resulting in a negative balance of $57.39. This resulted in overdraft fees totaling $88.00. Through Wachovia's scheme, it thus loaned Plaintiff $57.39 and charged her $88.00 for the "convenience," when Wachovia had full control over the order of posting and full knowledge that it was allowing Plaintiff to incur a negative balance when it simply could have declined one or more transactions. Wachovia rearranged, delayed and/or aggregated these charges in order to maximize the number and amount of overdraft charges it could assess Plaintiff.

15.     In another example, Plaintiff had a balance of $56.42 on July 31, 2008. Plaintiff made two electronic purchases on August 1, 2008 that totaled $34.97. Rather than clear those transactions, they were held until August 4, 2008 when a scheduled monthly $102.63 electronic payment was due to process. The $102.63 transaction was then processed first, creating a negative balance, and then the other two transactions — which would not have overdrawn the account on their own and which Wachovia already knew it was holding — were processed. This resulted in a $105.00 overdraft fee to Plaintiff. While it may very well be convenient to Plaintiff that Wachovia paid her $102.63 student loan payment, Wachovia could have still cleared the other two earlier transactions first and only charged Plaintiff one substantial and adequate $35.00 fee for such convenience. Instead Wachovia abused any contractual rights it might have under its non-negotiated, Defendant-biased account agreement, and unlawfully charged Plaintiff $105.00 for a loan of $81.18. Plaintiff should not have been charged the additional overdraft fees of $70.00 for the two transactions that would have cleared Plaintiff's account but for Wachovia's fraudulent, deceptive, unfair, and abusive business practices.

16.     The next day, on August 5, 2008, with full knowledge that Plaintiff had a negative balance and that it had already charged Plaintiff substantial fees, Wachovia allowed a $200.00

ALTERS | BOLDT | BROWN | RASH | CULMO

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550  Fax: 305-571-8558 • www.abbrclaw.com

CASE NO. _____

transaction to be paid, creating another overdraft fee of $35.00. Wachovia was fully able to decline that $200.00 transaction and chose not to, adding another $35.00 to its already usurious and exorbitant fee collection. The transaction should have either been returned as a matter of course or, alternatively, Plaintiff should have been allowed to decide how much "convenience" it was willing to pay for in the course of her relationship with Wachovia.

17.     As a result of these transactions and charges, Wachovia has improperly deprived Plaintiffs of significant funds. Plaintiffs clearly had sufficient funds to cover the July 27, 2008 and August 1, 2007 transactions. Wachovia's method of processing transactions is a scheme to maximize the number of overdraft fees it can collect, unlawfully taking and using Plaintiff's property for its own gain.

## CLASS ACTION ALLEGATIONS

18.     Pursuant to Fed.R.Civ.P. 23, Class Plaintiffs bring this action both individually and on behalf of all persons similarly situated that suffered injuries as a result of Wachovia's fraudulent, deceptive, unfair, and abusive business practices as described above. Plaintiff Melanie L. Garcia is not the only customer to whom Wachovia has applied its fee maximizing posting scheme, nor is she the only customer to whom Wachovia has effectively loaned money to at exorbitant and usurious rates of interest by transforming their "debit" transactions into "credit" transactions. These are Wachovia's standard, undisputed practice wherever it maintains customer accounts in the United States.

19.     The Class of persons or entities described above is so numerous that joinder of all members by name in one action is impracticable. All injuries sustained by any member of the Class arise out of the conduct of Wachovia in wrongfully debiting and manipulating the accounts of Plaintiffs and those similarly situated.

ALTERS | BOLDT | BROWN | RASH | CULMO

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550  Fax: 305-571-8558 • www.abbrclaw.com

CASE NO. _____

20.     Important questions of law and fact exist which are common to the entire Class and predominate over any questions that may affect individual Class Members in that Wachovia has acted on grounds generally applicable to the entire Class.  It will be shown that the cause of the fees charged to other consumers, namely Wachovia's transaction processing scheme to maximize its ability to collect overdraft charges and create improper consumer loan accounts, is the same for hundreds of thousands of customers identically situated to the named Plaintiffs.

21.     All questions as to the actions attributable to Wachovia herein are similarly common.  A determination of liability for such conduct will also be applicable to all members of the Class.

22.     The claims of the Class representative, Plaintiff Melanie L. Garcia, are typical of the claims of the Class in that Plaintiff suffered damages as a result of Wachovia's fraudulent, deceptive, unfair, and abusive business practices.

23.     Plaintiff will fully and adequately represent and protect the interests of the entire Class because of the common injuries and interests of the Class Members and the singular conduct of Wachovia as to all Class Members.  Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those of the Class they seek to represent.

24.     A class action is superior to all other available methods for fair and efficient adjudication of this controversy.  There is no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

25.     Class certification is also appropriate in this action because:

    a.  Pursuant to Fed.R.Civ.P. 23(b)(1), the prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying

**ALTERS | BOLDT | BROWN | RASH | CULMO**

Miami Design District, 4141 Northeast 2nd Avenue · Suite 201 · Miami, FL 33137 · Telephone: 305-571-8550  Fax: 305-571-8558 · www.abbrclaw.com

CASE NO. _____

adjudications concerning the subject of this action, which adjudications could establish incompatible standards for Wachovia under the law alleged herein.

b.  And/or, in seeking injunctive relief from the Wachovia's practices alleged herein, pursuant to Fed.R.Civ.P. 23(b)(2) Wachovia's actions in wrongfully assessing overdraft fees is applicable to the Class.

c.  And/or, pursuant to Fed.R.Civ.P. 23(b)(3) in seeking monetary damages the questions of law and fact at issue are common to all members of the Class predominating over individual issues, and a Class Action is the superior method of adjudicating this controversy as individual claims for small individual amounts of fees would be impractical.

<u>**REQUEST FOR CLASS RELIEF**</u>

<u>**FIRST CLAIM FOR CLASS RELIEF**</u>

<u>**BREACH OF CONTRACT**</u>

26.  Plaintiffs incorporate by reference the allegations in Paragraphs 1-25 above as if set forth verbatim herein.

27.  Under Florida and the common law, good faith and fair dealing is an element of every contract.  Every contract imposes upon each party a duty of good faith and fair dealing in its performance.  Good faith in contracting is the obligation to preserve the spirit of the bargain rather than merely the letter, the adherence to substance rather than form.  Both Florida and the common law call for substantial compliance with the spirit, and not the letter only, of a contract in its performance.  Evasion of the spirit of the bargain and abuse of a power to specify terms have been judicially recognized as examples of bad faith in the performance of contracts.

CASE NO. _____

28.    Subterfuges and evasions violate the obligation of good faith in performance even though the actor believes his conduct to be justified.  But the obligation goes further; bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty.  A complete catalogue of types of bad faith is impossible, but the following types are among those which have been recognized in judicial decisions: evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

29.    Where an agreement permits one party to unilaterally determine the extent of the other's required performance, an obligation of good faith in making such a determination is implied.  Wachovia may unilaterally choose whether to impose overdraft charges by posting transactions in any order Wachovia wishes and by unilaterally deciding whether to honor requested transactions when consumers have insufficient funds.   Because the occurrence, amount, and frequency of overdraft charges are set unilaterally by Wachovia, Wachovia has an obligation to impose overdraft charges on consumers' bank accounts in good faith.  Wachovia has breached this obligation by intentionally delaying and rearranging the posting of transactions to accounts in order to maximize the amount of over draft charges.  For example, Wachovia has the ability to post check card transactions to checking accounts immediately because Wachovia is made aware of check card transactions as they occur due to the electronic nature of check card transactions.  Instead of posting check card transactions to accounts immediately, however, or even posting check card transactions in chronological order, Wachovia chooses to delay the posting of these transactions for many days and posts these transactions in non-chronological order in order to maximize the imposition of overdraft charges.

ALTERS | BOLDT | BROWN | RASH | CULMO
Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550  Fax: 305-571-8558 • www.abbrclaw.com

CASE NO. _____

30.    In breach of its duties of good faith and fair dealing, Wachovia has assessed excessive, unreasonable and unnecessary overdraft charges against Plaintiff, Class Members, and the General Public.  These overdraft charges are not set in accordance with the reasonable expectations of the parties.

31.    Plaintiff seeks a judicial declaration determining that the charges actually set by Wachovia are not consonant with Wachovia's duties of good faith and fair dealing.  Plaintiff also seek compensatory damages resulting from Wachovia's breach of its duties of good faith and fair dealing.  Plaintiff further seeks all relief allowed or deemed appropriate by this Court for Wachovia's bad faith connected with and arising out of Wachovia's conduct in chronologically rearranging transactions in order to maximize overdraft charges.

## SECOND CLAIM FOR CLASS RELIEF

## ABUSE OF RIGHTS

32.    Plaintiff incorporates by reference the allegations in Paragraphs 1-31 above as if set forth verbatim herein.

33.    Wachovia inequitably uses and abuses the powers granted to it by its non-negotiated consumer agreements.

34.    By engaging in a scheme to stretch the parameters of its account agreements to manipulate transaction processing to maximize profits, Wachovia is unreasonably exercising its contract rights to the harm of Plaintiff and others similarly situation. The abusive exercise of this power thus harms Plaintiff by wrongfully depriving her of her property by creating more overdraft fees than are necessary.

ALTERS | BOLDT | BROWN | RASH | CULMO

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550  Fax: 305-571-8558 • www.abbrclaw.com

CASE NO. _____

35.    Wachovia is abusively exercising this contract power to maximize its profits rather than to efficiently manage its processing operations or provide convenience to Plaintiff or those similarly situated.

36.    Plaintiff seeks a judicial declaration that Wachovia is abusing the powers conferred on it by contract, and seeks compensatory damages flowing from the abuse of that power.   Plaintiff further seeks all relief allowed or deemed appropriate by this Court for Wachovia's abuse of rights connected with and arising out of Wachovia's conduct in chronologically rearranging transactions in order to maximize overdraft charges.

## THIRD CLAIM FOR CLASS RELIEF

### UNCONSCIONABILITY

37.    Plaintiff incorporates by reference the allegations in Paragraphs 1-36 above as if set forth verbatim herein.

38.    Even if Wachovia's consumer debit processing and overdraft fee assessment procedures are authorized by the letter of its consumer agreements and state law, in practice Wachovia's implementation of those procedures is unconscionable.   Neither the law nor any consumer agreement can be construed to allow factors it is "silent" on to allow abuse of a consumer and her property.

39.    Wachovia's "Deposit Agreement and Disclosures for Personal Accounts" provides,

> We may pay checks for other items drawn upon your account . . . in any order determined by us, even if (1) paying a particular check or item results in an insufficient balance in your account to pay one or more other checks or other items that otherwise could have been paid out of your account; or (2) using a particular order results in the payment of fewer checks or other items or the imposition of additional fees.  Although we generally pay larger items first, we are not obliged to do so and, without prior notice to you, we may change the order in which we generally pay items.

ALTERS | BOLDT | BROWN | RASH | CULMO

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550  Fax: 305-571-8558 • www.abbrclaw.com

CASE NO. _____

Considering the great business acumen and experience of Wachovia when compared to Plaintiff and those similarly situated, the great disparity in the relative bargaining power, the inconspicuousness and incomprehensibility of the contract language, the oppressiveness of the terms, and the absence of a meaningful choice, the commercial unreasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and similar public policy concerns, these provisions are unconscionable and therefore unenforceable as a matter of law.

40.    Here, Plaintiff and those similarly situated are consumers, not bankers. Wachovia does not negotiate these terms with any customers. Plaintiff, like most consumers, was not in a position to bargain for more favorable contract terms, nor was she able to experience the results of Wachovia's practices before enrolling in Wachovia's services. With regard to the "surprise factor", Plaintiff and those similarly situated were not made aware of Wachovia's practices at the time the contract was entered into.   The Wachovia's agreements are thus procedurally unconscionable.

41.    Plaintiff requests an inquiry into the setting, purpose, and effect of these terms, including the basis and justification for delaying and chronologically rearranging transactions. The banking industry should not be immune from scrutiny. The grossly excessive market price, the miniscule cost of the goods or services to Wachovia, the slight inconvenience imposed on Wachovia in extending credit, and the slight value of the overdraft service all demonstrate that Wachovia's method of maximizing overdraft charges is substantively unconscionable. Combined with the absence of meaningful choice, the lack of sophistication of consumers, and Wachovia's deceptive practices in rearranging and delaying transactions, the Court should strike down Wachovia's overdraft practices as unconscionable.

14

ALTERS | BOLDT | BROWN | RASH | CULMO

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550  Fax: 305-571-8558 • www.abbrclaw.com

CASE NO. _____

42.     Wachovia has structured totally one-sided transactions.  The absence of equality of bargaining power, open negotiation, full disclosure, and a contract which fairly sets out the rights and duties of each party demonstrate that the transaction lacks those checks and balances which would inhibit the charging of unconscionable fees.  Each overdraft charge derived from Wachovia's rearrangement of transactions should be rescinded and refunded to Plaintiffs and those similarly situated.

## FOURTH CLAIM FOR CLASS RELIEF

## TROVER AND CONVERSION

43.     Plaintiff incorporates by reference the allegations in Paragraphs 1-42 above as if set forth verbatim herein.

44.     Wachovia has, without adequate authorization, assumed and exercised the right of ownership over personal property belonging to Plaintiffs and those similarly situated, in hostility to the rights of Plaintiffs and those similarly situated, as described above.  Plaintiffs and those similarly situated had title to funds in their specific and readily identifiable checking accounts and Wachovia wrongfully possessed said funds through its abusive, unfair, deceptive, and improper practices.  These improperly assessed overdraft charges represent specific amounts of money from specified identifiable funds for use for specific purposes and represent conversion by the Wachovia of the Plaintiffs' property.

45.     As a direct and proximate result of the levy of improper overdraft charges and improper account transfers by Wachovia, Plaintiff, Class Members and the General Public have suffered damages.  The damages proximately and directly resulting from such conduct, including actual, nominal, general and punitive damages should be taxed to Wachovia.

## FIFTH CLAIM FOR CLASS RELIEF

15

ALTERS | BOLDT | BROWN | RASH | CULMO

Miami Design District, 4141 Northeast 2nd Avenue · Suite 201 · Miami, FL 33137 · Telephone: 305-571-8550  Fax: 305-571-8558 · www.abbrclaw.com

CASE NO. _____

## **UNJUST ENRICHMENT**

46.     Plaintiff incorporates by reference the allegations of Paragraphs 1-45 above as if set forth verbatim herein.

47.     A party cannot induce, accept or encourage another to furnish or render something of value to such party and avoid payment for the value received.  As a result of the conduct described above — including the reordering of transactions and providing electronic balance and payment approval information that falsely indicates positive balances — Wachovia has been and will be unjustly enriched at the expense of the Plaintiff, Class Members and the General Public.  Specifically, Wachovia has been unjustly enriched by encouraging and allowing Plaintiff and its customers to continue to incur debits and charges when in reality there would be a negative balance, and then rearranging those transactions in order to maximize the number and amount of overdraft charges it can charge.

48.     In providing false balance information and then structuring transactions to create fees paid from Plaintiffs' property, Wachovia benefitted from the fees/property Plaintiffs' conferred on Wachovia as a result of its transactional management.  Wachovia appreciated this benefit because the Plaintiffs' property added to Wachovia's revenues and profits.  The retention of this benefit at the Plaintiff's expense, without providing Plaintiff's value for the benefit received is inequitable.  Thus Wachovia has been unjustly enriched.

49.     Wachovia, the benefitted party, equitably ought to compensate Plaintiff and those similarly situated for all excessive overdraft charges given the fact that no legal contract authorized Wachovia's practices.  Wachovia has received and is holding funds belonging to Plaintiffs and those similarly situated, which in equity and good conscience Wachovia should not be permitted to keep but should be required to refund to Plaintiffs and those similarly situated.

ALTERS | BOLDT | BROWN | RASH | CULMO

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550 Fax: 305-571-8558 • www.abbrclaw.com

CASE NO. _____

## SIXTH CLAIM FOR CLASS RELIEF

### USURY

50.     Plaintiff incorporates by reference the allegations of Paragraphs 1-49 above as if set forth verbatim herein.

51.     Pursuant to *Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003), the National Bank Act controls usury claims against national banks and preempts any state law claims of usury, abrogating *Video Trax, Inc. v. Nationsbank, N.A.*, 205 F.3d 1358 (11th Cir. 1998) (holding that usury claims against a national bank were controlled and barred by Florida law). 539 U.S. at 11.  Specifically, claims for usury against a national bank are governed exclusively by 12 U.S.C. §§ 85, 86 (2008).  Section 85 provides that:  "Any association may take, receive, reserve, and charge on any loan . . . or other evidences of debt, interest at the rate allowed by the laws of the State . . . where the bank is located," or the laws of the State where a bank conducts business.  However, state law is only used and referred to under § 85 to determine the maximum rate allowed.  539 U.S. at 10.  State usury law plays no other part in defining what usury is or in determining when usury occurs.  *See id.*

52.     Wachovia knowingly and systematically advances monies to Plaintiff, and others similarly situated, for use in her deposit account and knowingly charges and collects fees for these advances.  Wachovia routinely manipulates these advances in order to maximize the amount of fees it may collect from Plaintiff and its customers.

ALTERS | BOLDT | BROWN | RASH | CULMO

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550  Fax: 305-571-8558 • www.abbrclaw.com

CASE NO. _____

53.     Wachovia's advancement of monies to Plaintiff and others similarly situated are *de facto* loan transactions, made without a specific loan agreement for such advances. The fees and interest then charged to Plaintiff and others similarly situated for such advances are egregiously high, usurious, and unreasonable.

54.     By creating a system of advancing funds that are *de facto* loans rather than *de jure* loans, Wachovia deceptively avoids any of the consumer protections of the Truth in Lending Act or any applicable State law consumer loan protections. Wachovia has created a system whereby it lends money to consumers without being answerable for its practices.

55.     The usurious transactions at issue all occurred less than two years from the date of this action.

56.     Pursuant to Florida Statute § 687.01 (2008), where there is no specific contract for a loan, the rate of interest for loans and advances of money is set pursuant to Florida Statute § 55.03, and is set by the Chief Financial Officer of the State. The current maximum allowable rate under § 55.03 is 11% per annum.

57.     Wachovia's fees for advancing money to Plaintiff and others similarly situated routinely exceeds 11%. By advancing Plaintiff $81.18 on August 4, 2008 — for debits that should not have created overdraft fees — and then charging Plaintiff $105.00 for that advance, Wachovia effectively collected a 130% return on its advanced funds. By advancing Plaintiff $57.39 on July 28, 2008, and then charging Plaintiff $88.00 for that advance, Wachovia effectively collected more than a 150% return on its advanced funds. Such egregiously high rates of return and interest are routinely charged by Wachovia for advances of money to Plaintiff and its customers on their deposit accounts.

ALTERS | BOLDT | BROWN | RASH | CULMO

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550  Fax: 305-571-8558 • www.abbrclaw.com

CASE NO. _____

58.     Even if the interest rate allowed by Florida, North Carolina, or Federal law is found to be higher than 11%, no usury provision allows such high rates of return/interest in the absence of a specific loan agreement specifying and clearly identifying the terms of the loan and the interest rate to be charged.

59.     Pursuant to 12 U.S.C. § 86, Plaintiff seeks to recover twice the amount of the usurious interest she has paid.  Plaintiff further seeks all relief allowed or deemed appropriate by this Court for Wachovia's usurious and unauthorized fees in connection with its abusive money advancement practices and its conduct in chronologically rearranging transactions in order to maximize overdraft charges.

**WHEREFORE,** Plaintiff Melanie L. Garcia and the Class Plaintiffs pray:

(1)     For certification of this matter as a class action lawsuit to proceed on behalf of the class of all Currently Unnamed Plaintiffs as described herein after suitable discovery has been completed;

(2)     For injunctive relief as set forth herein;

(3)     For restitution;

(4)     For an award of such damages as are authorized by law;

(5)     For an award of all reasonable costs and attorneys' fees incurred by Plaintiff;

(6)     For trial by jury of all matters; and

(7)     For such other and further relief as the Court may deem just and equitable.

DATED this _4th_ day of _Sept._ , 2008.

ALTERS | BOLDT | BROWN | RASH | CULMO

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, FL 33137 • Telephone: 305-571-8550  Fax: 305-571-8558 • www.abbrclaw.com

CASE NO. _____

Respectfully Submitted,

ALTERS BOLDT BROWN RASH
& CULMO, P.A.
Jeremy W. Alters, Esquire
Kimberly L. Boldt, Esquire
*Miami Office:*
4141 N.E. 2nd Avenue
Miami, Florida 33137
Tel: (305) 571-8550
Fax: (305) 571-8558

*Boca Raton Office:*
21 Southeast 5th Street
Suite 200
Boca Raton, Florida 33432
Telephone: (561) 955-0045
Facsimile:  (561) 955-1978

_____
Jeremy W. Alters
Florida Bar No. 0111790

_____
Kimberly L. Boldt
Florida Bar No. 957399

**ALTERS | BOLDT | BROWN | RASH | CULMO**



## WACHOVIA

## ACCOUNT ACTIVITY

Account   FREE STUDENT *1485   ·   [ Go ]          View Paper Statements    Check Search    Order Checks    Stop Payment
                                                                                                            View Rewards

**Find Transactions**

⊛  Date   Last 30 days          ·  - OR - ○ ............................  to  ...........................
   Range:
   Sort By:   All Transaction Types   ·         (MM/DD/YYYY)          (MM/DD/YYYY)

                              [ Go ]      Note: You have up to 90 days of account history available.
                                          To view the last 16 months, go to View Paper Statements

Posted Balance as of 08/12/2008 : $937.70 *      Available Balance as of 08/13/2008 : $853.94 **    (View Holds)  ?

**Transactions for: FREE STUDENT *1485**

| Date ▾ | Type | Description | Withdrawals | Deposits | Balance |
|---|---|---|---|---|---|
| 08/11/2008 | Purchase | PURCHASE WHOLE FOODS MARK 6701 R 08/08 | $11.12 | | $937.70 |
| 08/11/2008 | Deposit | AUTOMATED CREDIT GARCIA,MELANIE L ING DIRECT | | $200.00 | $948.82 |
| 08/11/2008 | Deposit | DEPOSIT WITH 80.00 CASH BACK #8916 | | $420.00 | $748.82 |
| 08/07/2008 | Deposit | AUTOMATED CREDIT GARCIA,MELANIE L ING DIRECT | | $750.00 | $328.82 |
| 08/05/2008 | Other | OVERDRAFT/UNAVAILABLE FUNDS FEE | $35.00 | | ($421.18) |
| 08/05/2008 | Other | AUTOMATED DEBIT GARCIA,MELANIE L ING DIRECT | $200.00 | | ($386.18) |
| 08/04/2008 | Other | OVERDRAFT/UNAVAILABLE FUNDS FEE | $105.00 | | ($186.18) |
| 08/04/2008 | Purchase | PURCHASE NFI*WWW.NETFLIX.CO 08/01 | $14.97 | | ($81.18) |
| 08/04/2008 | Purchase | PURCHASE SOU METROCARD VALUE0309 08/01 | $20.00 | | ($66.21) |
| 08/04/2008 | Other | AUTOMATED DEBIT EDUCATIONAL COMP ACH LNPYMT | $102.63 | | ($46.21) |
| 07/31/2008 | Purchase | PURCHASE MISS SAIGON BISTRO 07/30 | $40.31 | | $56.42 |
| 07/31/2008 | Purchase | PURCHASE BOOKS & BOOKS 07/30 | $49.21 | | $96.73 |
| | | PURCHASE TARGET T2188 | | | |

Wachovia Online Services | Account Activity

| Date | Type | Description | | | Balance |
|---|---|---|---|---|---|
| 07/30/2008 | Purchase | MIAMI CEN 07/29 | $17.13 | | $145.94 |
| 07/30/2008 | Purchase | PURCHASE MILAMS MARKET # 80 CURT 07/29 | $40.62 | | $163.07 |
| 07/29/2008 | Purchase | PURCHASE WEST AMERIKA GAS S 07/28 | $53.43 | | $203.69 |
| 07/29/2008 | Purchase | PURCHASE CNS IKEA SUNRISE 6607 07/28 | $197.49 | | $257.12 |
| 07/29/2008 | Deposit | AUTOMATED CREDIT GARCIA,MELANIE L ING DIRECT | | $600.00 | $454.61 |
| 07/28/2008 | Other | OVERDRAFT/UNAVAILABLE FUNDS FEE | $88.00 | | ($145.39) |
| 07/28/2008 | Purchase | PURCHASE OFFICE DEPOT OFFICE DEP 07/27 | $44.90 | | ($57.39) |
| 07/28/2008 | ATM | WITHDRAWAL MIAMI SPRINGS 07/27 | $100.00 | | ($12.49) |
| 07/28/2008 | Purchase | PURCHASE COSTCO WHSE #00092 0990 07/27 | $139.32 | | $87.51 |
| 07/28/2008 | Purchase | PURCHASE CNS IKEA SUNRISE 6600 07/25 | $376.18 | | $226.83 |
| 07/24/2008 | Deposit | AUTOMATED CREDIT ALTERS BOLDT BRO PAYROLL | | $96.04 | $603.01 |
| 07/22/2008 | Other | AUTOMATED DEBIT GARCIA,MELANIE L ING DIRECT | $200.00 | | $506.97 |
| 07/18/2008 | Purchase | PURCHASE REGAL CINEMAS SOUT 07/17 | $7.50 | | $706.97 |
| 07/18/2008 | Purchase | PURCHASE SOU THE HOME DEPOT 0623 07/17 | $31.50 | | $714.47 |
| 07/18/2008 | Purchase | PURCHASE WORLD RESOURCES CA 07/17 | $39.18 | | $745.97 |
| 07/17/2008 | Purchase | PURCHASE SOU THE HOME DEPOT 3626 07/16 | $45.77 | | $785.15 |
| 07/17/2008 | Deposit | AUTOMATED CREDIT GARCIA,MELANIE L ING DIRECT | | $600.00 | $830.92 |
| 07/16/2008 | Purchase | PURCHASE MIAMIDADE PARKING 07/15 | $18.00 | | $230.92 |
| 07/16/2008 | Other | AUTOMATED DEBIT CHASE EPAY | $200.00 | | $248.92 |
| 07/16/2008 | Other | AUTOMATED DEBIT EDUCATIONAL COMP EPAYMENT | $201.00 | | $448.92 |
| 07/15/2008 | Purchase | PURCHASE MILAMS MARKET # 80 CURT 07/14 | $35.54 | | $649.92 |
| 07/15/2008 | Purchase | PURCHASE CINGULAR*072637920 07/14 | $109.31 | | $685.46 |
| 07/15/2008 | Other | AUTOMATED DEBIT AMERICAN EXPRESS ELEC REMIT | $200.00 | | $794.77 |
| | | | | | 1 - 35 of 35 |

\* Includes transactions that have cleared your account as of the close of the previous business day. See help with this page for more details.
\*\* Transactions that have been authorized but not yet posted are included. See help with this page for more details.

Customer Agreement    Privacy    Security    Legal
© 2008 Wachovia Corporation. All rights reserved.

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

Melanie L. Garcia

**(b)** County of Residence of First Listed Plaintiff  **Miami-Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

ALTERS BOLDT BROWN RASH & CULMO, P.A.
4141 NE 2ND AVENUE, MIAMI, FLORIDA  33137
(305) 571-8550

**DEFENDANTS**

Wachovia Bank, N.A.

County of Residence of First Listed Defendant   **Mecklenburg, N. Carolina**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**08-22463**
**CIV-COOKE**

**MAGISTRATE JUDGE BANDSTRA**

(d) Check County Where Action Arose: ☑ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

DADE-08-22463 CV-COOKE-BANDSTRA

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page): a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO

JUDGE                         DOCKET NUMBER

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. 1332: Breach of contract due to fraudulent, unfair, and abusive practices; usury; deprivation of property rights.

LENGTH OF TRIAL via _unkn._ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
s/

DATE

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 984571   IFP

09/04/08